IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROBERT CECIL BOOKER,**

    **Plaintiff,**

v.                                    Case No. 2:05-cv-00002

**SERGEANT JARRETT and
OTHER UNKNOWN CORRECTIONAL OFFICERS
at the SOUTH CENTRAL REGIONAL JAIL,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Defendants' Motion to Dismiss (docket sheet document # 14-1), or in the alternative, Motion for Summary Judgment (# 14-2), and Plaintiff's third and fourth motions for appointment of counsel (## 23 and 32).  This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

Plaintiff has filed three Complaints in this court since 2003.  The first Complaint, filed on April 23, 2003, alleged that excessive force was used by two officers of the St. Albans Police Department during an arrest of Plaintiff at the Gateway Shopping Center sometime "late in 1999 or early in the year 2000."  (Booker v. City of St. Albans et al., Case No. 2:03-cv-00361, docket sheet document # 1).  On July 17, 2003, following the undersigned's

submission of a Proposed Findings and Recommendation recommending that the Complaint be dismissed as untimely, Plaintiff moved to withdraw the Complaint. (Id., # 10).

On August 4, 2004, the Honorable Charles H. Haden II, United States District Judge, entered a Judgment Order adopting the Proposed Findings and Recommendation, denying Plaintiff's Motion to Withdraw his Complaint, and dismissing the Complaint with prejudice as untimely. (Id., # 13). Plaintiff did not seek an appeal of that Judgment Order.

Plaintiff filed his second Complaint in this court on July 9, 2004. (Booker v. South Central Regional Jail et al., 2:04-cv-00703, # 1). That Complaint alleged that Plaintiff was arrested by St. Albans police at the Gateway Shopping Center and taken to the South Central Regional Jail. The Complaint did not specify the date of this arrest. The Complaint further stated:

> As I was being walked into the facility, I was "sucker punched" by Sgt. Jarrett. Other officers handcuffed, shackled and placed me into a holding cell. This punch ruptured a blood vessel in my eye. The other officers were also kicking me and shoving me violently into a wall.

(Id. at 4). These allegations were strikingly similar to those made against the St. Albans police officers in Plaintiff's first Complaint. Plaintiff further alleged that the damage to his eye is worsening and that he continues to suffer frustration, anger and a depletion of self-worth as a result of this incident. (Id. at 5).

2

On July 21, 2004, the undersigned submitted a Proposed Findings and Recommendation recommending that this second Complaint be dismissed without prejudice, pending Plaintiff's exhaustion of his administrative remedies. (Id., # 5). On October 18, 2004, the Honorable John T. Copenhaver, Jr., United States District Judge, entered a Judgment Order adopting the Proposed Findings and Recommendation and dismissing the second Complaint without prejudice. (# 11). Petitioner thereafter diligently attempted to exhaust the administrative remedies required by the Regional Jail and Correctional Facility Authority.

On January 3, 2005, Plaintiff filed the instant Complaint, which is substantially similar to the second Complaint, except that it adds an allegation that Plaintiff was "intentionally deprived medical attention, the minimal civilized measure of life's necessities, which resulted in the ongoing damage to [his] eye." (Booker v. Sgt. Jarrett et al., Case No. 2:05-cv-00002, # 2 at 5). Additionally, for the first time in any of his litigation in this court, Plaintiff filed a motion for appointment of counsel. (# 3). The motion did not indicate that Plaintiff could not read or write, or that he could not comprehend these legal proceedings.

On January 13, 2005, the undersigned denied, without prejudice, Plaintiff's motion for appointment of counsel, finding that Plaintiff had no right to appointment of counsel, that there were no exceptional circumstances to warrant the appointment of

3

counsel, and that Plaintiff had the capacity to present his claims, and a basic understanding of the legal procedures to be followed. (# 5). That same day, the undersigned granted Plaintiff's Application to Proceed *in forma pauperis* and ordered that process be issued, and that service of process be performed by the United States Marshals Service, after Plaintiff had paid an initial partial filing fee. (# 6).

Following service of process, on March 2, 2005, the defendants, by counsel, Chad M. Cardinal, filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (# 14), and a Memorandum of Law and exhibits in support thereof (# 15).

On March 4, 2005, the undersigned entered a Notice and Order advising Plaintiff of his right to respond to the defendants' motions and ordering that the response be filed by April 4, 2005. On March 8, 2005, Plaintiff filed a letter-form motion for an extension of time to respond and a second motion for appointment of counsel. (# 17). Again, the motion did not indicate that Plaintiff could not read or write, or that he could not comprehend these legal proceedings.

On March 11, 2005, the undersigned granted Plaintiff's motion for extension of time, and ordered that Plaintiff's response to the defendants' motions be filed on or before April 25, 2005. The undersigned denied Plaintiff's second motion for appointment of counsel for the same reasons cited in the first order denying

4

appointment of counsel. (# 18).

On April 12, 2005, Plaintiff filed a second motion for extension of time to respond to the defendants' motions. (# 19). The undersigned granted Plaintiff's motion and ordered that Plaintiff's response to the defendants' motions be filed by May 2, 2005. (# 20).

On May 2, 2005, Plaintiff filed a third motion for an extension of time to respond to the defendants' motions (# 22) and, on May 3, 2005, Plaintiff filed his third motion for appointment of counsel (# 23). For the first time in any of Plaintiff's filings in this court, an inmate law clerk (on Plaintiff's behalf) advised the court that Plaintiff cannot read or write, and requested that counsel be appointed to represent Plaintiff because he "lacks the capacity to present his case." (# 23).

On June 15, 2005, the undersigned received a letter from Plaintiff stating that he "can read and write somewhat and [is] not totally illiterate." Based upon this letter, the undersigned found that Plaintiff was capable of making a limited response to the defendants' motions.

The Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed by the defendants in this matter concerns, in part, whether or not Plaintiff's present Complaint is timely. The undersigned previously noted that Plaintiff's instant Complaint did not specify a date on which the alleged incident of excessive

force took place, or when he claims he was denied adequate medical care.

However, in Plaintiff's first Complaint filed in this court, Plaintiff alleged that he was the victim of excessive use of force by City of St. Albans police officers at the Gateway Shopping Center "late in 1999 or early in the year 2000." In the instant Complaint, Plaintiff states that the alleged use of excessive force by the officers at the South Central Regional Jail occurred following his arrest at the Gateway Shopping Center. (# 2 at 4). Thus, it appeared that the instant Complaint may also be time-barred, assuming these incidents took place at the same time.

Additionally, the defendants noted in their motions that Plaintiff "has not been housed in the South Central Regional Jail since 2002." Thus, the defendants asserted that "it is impossible for the allegations of the Complaint to have occurred within the required time." (# 15 at 2). The defendants have also attached an affidavit from First Sergeant Mark Jarrett. The affidavit states in pertinent part:

> 5. The last time Inmate Booker was arrested and brought to the South Central Regional Jail by the St. Albans Police Department, as he claims in his Complaint, was on February 24, 2000.
>
> 6. Inmate Booker left the South Central Regional Jail on July 9, 2002, and has never returned to the South Central Regional Jail.

(# 15, Ex. 1 at ¶¶ 5-6).

On June 27, 2005, Plaintiff was ordered to file a response that addressed only the issues of when the alleged incident of excessive force by officers at the South Central Regional Jail took place, and when Plaintiff claims he was denied medical treatment. (# 29).  The June 27, 2005 Order stated that the court would not rule on Plaintiff's motion for appointment of counsel, and would not require any further response from Plaintiff concerning the defendants' other defenses in their motions, until the timeliness issue had been resolved. (Id.)

On July 26, 2005, the undersigned received a letter-form response from the plaintiff, which states:

> I found the dates that you asked for 96 - Arrest or Received Segment, Date 03/10/99.  Agency: Kanawha Co Sheriff WV0200000.  Offense: public intoxication on March -10-99.  Assessed this charge.  I got all my med: here at St. Mary's if you need any of them.

(# 32).  The undersigned believes that Plaintiff was attempting to state that the arrest, which he claims resulted in the assault at the South Central Regional Jail, occurred on March 10, 1999.  The undersigned notes, however, that Plaintiff's response refers to the Kanawha County Sheriff's Office as the law enforcement entity that arrested him on that date, not the St. Albans Police Department, as alleged in the Complaint.  (# 2 at 4).

The letter-form response was filed on July 27, 2005. (# 32). The letter also made another request for appointment of counsel, which the undersigned will address separately.  (Id.)  Respondent

has not filed a reply. On August 9, 2005, the undersigned received additional correspondence from Plaintiff, which contains yet another date upon which Plaintiff alleges he was taken by the St. Albans police to the South Central Regional Jail; that date was January 30, 1999. The matter is ripe for determination.

## STANDARD OF REVIEW

It is appropriate, given the exhibits attached to the defendants' Memorandum, to resolve this case pursuant to Rule 56, Federal Rules of Civil Procedure, and not as a motion to dismiss. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment for a moving party "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is properly granted where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); see also, Atkinson v. Bass, 579 F.2d 865 (4th Cir. 1978), cert. denied, 439 U.S. 1003 (1978).

"[T]he court is obliged to credit the factual asseverations contained in the material before it which favor the party resisting summary judgment and to draw inferences favorable to that party if the inferences are reasonable (however improbable they may seem)."

8

Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980); see also, Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985); Scott v. Greenville County, 716 F.2d 1409, 1411 (4th Cir. 1983).

Because the court will rely upon information outside of the pleadings, the undersigned proposes that the presiding District Judge treat the defendants' motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Jeffers v. Wal-Mart Stores, Inc., 84 F. Supp.2d 775, 777 (S.D. W. Va. 2000).

## ANALYSIS

Plaintiff's Complaint is brought under 42 U.S.C. § 1983 and alleges claims of excessive force and denial of adequate medical care. "The time limitations for civil rights actions, such as those under § 1983, is borrowed from state law." Cox v. Stanton, 529 F.2d 47 (4th Cir. 1975). The statute of limitations for general civil actions in West Virginia is two years. See W. Va. Code § 55-2-12. Thus, Plaintiff's claims must have been brought within two years of when they accrued.

"Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955 (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). In the instant case, Plaintiff alleges that the alleged

9

assault at the South Central Regional Jail took place following his arrest at the Gateway Shopping Center. According to Plaintiff's letter-form responses, that arrest took place on March 10, 1999, or even earlier, on January 30, 1999. Based upon this evidence, Plaintiff knew or should have known sufficient facts about the harm done to him, at the latest, on March 10, 1999. Using this date, the statute of limitations would have expired on March 10, 2001.

Defendant's sworn evidence indicates that Plaintiff was last arrested by the St. Albans Police Department on February 24, 2000. Using this date, the statute of limitations would have run on February 24, 2002.

Furthermore, Plaintiff has not specified any date upon which he claims he was denied adequate medical care. The defendants' undisputed evidence indicates that Plaintiff was last incarcerated at the South Central Regional Jail on July 9, 2002. Therefore, that is the last possible date upon which such a cause of action could have accrued, and the statute of limitations would have expired on July 9, 2004.

Plaintiff did not exhaust his claims and file this civil action until January 3, 2005, well after the expiration of the statute of limitations for either claim. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint is time-barred. The undersigned further proposes that the presiding District Judge **FIND** that there is no

genuine issue of material fact and that the defendants are entitled to judgment as a matter of law on both of Plaintiff's claims. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendants' Motion for Summary Judgment (# 14-2) and **DENY AS MOOT** Defendants' Motion to Dismiss (# 14-1).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin

and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

|  |  |
|---|---|
| August 15, 2005<br>Date | *Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge |

12